■ In the Matter of BROADWAY PLUS CORPORATION et al., Appellants, v METROPOLITAN TRANSPORTATION AUTHORITY OF THE STATE OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County (Stanley Parness, J.), entered May 15, 1989, dismissing a petition pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioners, Broadway Plus Corporation and Rosenthal & Rosenthal, Inc., challenge the determination of the respondents, Metropolitan Transportation Authority (MTA), the New York City Transit Authority (NYCTA) and Chairman Robert R. Kiley, approving agreements with a private developer for renovation of the Times Square subway station complex, as part of the Times Square Redevelopment Project. *(See, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400 [1986].)

The proposed subway renovations, which include expansion and modification of the mezzanine level, construction of six new subway entrances and maintenance of certain areas of the mezzanine following construction, are addressed in separate agreements which were executed on June 20, 1988 and made subject to the approval of the boards of MTA and NYCTA. The agreements consist of the subway mezzanine agreement, four subway easement and entrance agreements and the free zone agreement (collectively, the Subway Agreements).

Petitioners contend that in approving the Subway Agreements on September 23, 1988, respondents violated section 1209 (5) (a) of the Public Authorities Law by awarding the subway renovation project to Times Square Center Associates (TSCA), a private developer, without the benefit of competitive bidding.

Public Authorities Law § 1209 (5) (a) provides that "a contract for all or a portion of work involving the alteration, expansion or rehabilitation of a passenger station may be awarded by the authority, by negotiation without competitive bidding, to a private entity * * * where * * * such private entity has agreed to pay at least one million dollars toward the cost of the work, [and] * * * such payment represents not less than fifty percent of the total cost of the work".

For the reasons stated by the motion court, we conclude that, after deducting certain disputed credits estimated at $11.6 million, the private developer, Times Square Center Associates, is obligated under the agreements to pay construction costs of at least $75.4 million and that this sum exceeds 50% of the $121.1 million estimated by petitioners to be the "total cost" of the work.

We reject petitioners' assertion that the amount of TSCA's contribution should be further reduced by some $15.48 million in anticipated reimbursements to it from two other site developers. The subway mezzanine agreement provides that TSCA will fund, subject to reimbursement, the subway contributions

of the two developers. In the event TSCA is unable to negotiate these reimbursements these amounts are to be considered nonrecoverable excess site acquisition costs or potential reductions of rents due the New York State Urban Development Corporation (UDC) under leases between UDC and TSCA affiliates. Although TSCA's rent payments to UDC may be reduced, its payment toward the subway improvements will in no way be affected. As the motion court correctly concluded, the MTA and NYCTA will still receive from TSCA the full amount of the contribution required under the terms of the Subway Agreements. Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.